## MAYER v. MAYER

———

(January 5, 1931. Opinion and Decree.)
(February 2, 1931. Rehearing Refused.)
(March 30, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

———

Paul W. Maloney, of New Orleans, in propria persona.

Louis R. Hoover, of New Orleans, attorney for William Mayer, defendant, appellee.

JANVIER, J. This is a most unusual controversy. Paul W. Maloney, attorney

for defendant in a divorce suit, came into possession of certain funds belonging to his client. Having rendered certain services for the client in the divorce proceeding and in other matters, Maloney deducted from the funds in his possession so much thereof as he determined would compensate him for the various services which he claims to have rendered and for certain expenditures made by him for his client, and then deposited the balance in the registry of the civil district court. The said deposit was made on a written motion filed in the divorce proceedings, and, in the said motion, Maloney, the mover, suggested that the acceptance of the said balance deposited should be considered as tantamount to an agreement that all the fees charged were reasonable and proper.

In the meantime Mayer, defendant in the divorce proceeding, had employed other counsel to represent his interest in all matters, and this new counsel, on motion, withdrew from the registry of the court the funds deposited there by Maloney.

Thereafter the motion of Maloney, under which the funds were deposited, was fixed for trial, the purpose of the motion being to have the district court place its sanction on the charges made by Maloney and deducted by him from the funds of his former client, so that thereafter the client could not be heard to question those charges. When that matter came on for trial, Maloney's attorney agreed that a judgment of non-suit might be rendered, and this was done. A few days later Maloney appeared in propria persona and filed a motion in which he stated that his attorney should not have agreed to the judgment of non-suit and in which he asked for a new trial on his original motion. The judge, a quo, refused to grant a new trial, and Maloney has appealed from the judgment of non-suit.

Conceding that Maloney, as attorney for defendant in the divorce proceeding, was within his rights in attempting to engraft upon that divorce proceeding a controversy over fees claimed to be due him by one of the parties to the divorce proceeding, and we are extremely doubtful if he had this right, we are of the opinion that the judge, a quo, was clearly correct in rendering judgment of non-suit on agreement of counsel.

It is very evident that no harm resulted to Maloney from the withdrawal by Mayer's new counsel of the fund deposited. It would be monstrous to permit an attorney, who, having received money for a client and having deducted therefrom such amounts as he has seen fit to claim as fees, and having deposited the balance in the registry of the court, to successfully contend that the client may not withdraw that balance without thereby acquiescing in the correctness and reasonableness of the fees.

Maloney collected for Mayer's account $2,460.07. From this he deducted fees and costs claimed by him to amount to $1,-430.75 and other expenditures paid out by him amounting to $677.92 and deposited in court the balance, to-wit, $351.40, and, in his motion making the deposit, sought to prevent withdrawal by Mayer of the amount thereof, except upon condition that such withdrawal should be considered as acquiescence in the reasonableness of the charges.

His deposit of $351.40 was an admission that to that extent he was indebted to Mayer, and Mayer was within his rights in immediately withdrawing that amount without any condition whatever.

The judgment appealed from is affirmed at the cost of appellant.